**George Van BAXTER, Appellant,**

**v.**

**B. J. RHAY, as Superintendent of the Washington State Penitentiary at Walla Walla, Washington, Appellee.**

**No. 19311.**

United States Court of Appeals
Ninth Circuit.

Sept. 10, 1964.

John Gavin, Yakima, Wash., for appellant.

John J. O'Connell, Atty. Gen. of Washington, Stephen C. Way, Asst. Atty. Gen. of Washington, Olympia, Wash., for appellee.

Before CHAMBERS, MERRILL and KOELSCH, Circuit Judges.

CHAMBERS, Circuit Judge.

Since Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, 55 A.L.R.2d 1055 it is clear that Baxter has been entitled to take an appeal to the Supreme Court of Washington, although he could not finance the cost himself at the time he was convicted in 1955 in the state trial court, and apparently he cannot finance it now. He is under a sentence of imprisonment for life.

Our district court has granted conditional relief: that Baxter be released unless Washington arranges for an appeal on the state side. Not satisfied, he takes this appeal, insisting upon complete and final release. Also, there is an alternative question: Should a federal court release him on bail on his own recognizance pending the completion of the state appellate process?

During the pendency of this federal appeal, Baxter seemingly has done nothing to perfect the state appeal. Counsel for appellant, as he must, admits that Baxter prefers the federal side of the street.

Without ascribing any onus to Washington state courts, we do venture the opinion that the case of this man, along in years, under a life sentence does cry out for a speedy determination. It is not our province to say whether appellant's counsel should handle the matter of taking or briefing the state appeal. But we do believe he and the attorney general of Washington can do much to expedite that appeal. The assistant attorney general at our hearing indicated willingness to assist. We do not believe that the Supreme Court of Washington would resist efforts of the very able, fair-minded counsel on both sides to get the case through that court with dispatch. Further, we think the reporter could be coaxed to give the record some high priority.

It is not suggested that a transcript of testimony cannot be obtained. If that were impossible, we would have a different case, which we dare say Washington State would handle appropriately.

It is said the appeal would be on an old, cold record. Appellate judges live in a world of cold records. Old or new to them makes no difference.

It is suggested if a new trial should be granted, perhaps Baxter could not find his witnesses. If both events should happen, then an appropriate court can put its calipers on that question.

The district court's order is affirmed. The state's motion to dismiss is denied. It may be that this court has power to grant bail or release Baxter on his own recognizance, but in the exercise of discretion bail and a release pending appeal are denied without prejudice.